## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Patent Armory Inc.,** | Case No. 1:25-cv-00467-UNA |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Gusto, Inc.,** | |
| Defendant. | |

### COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff Patent Armory Inc. ("Plaintiff"), through its attorneys, complains of Gusto, Inc. ("Defendant"), and alleges the following:

### PARTIES

2. Plaintiff Patent Armory Inc. is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 400-1565 Carling Ave., Ottawa, Ontario, Canada K1Z 8R1.

3. Defendant Gusto, Inc. is a corporation organized and existing under the laws of DE that maintains an established place of business at 1 Pennsylvania Plaza 52nd Floor, New York, NY 10119.

### JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

6. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENTS-IN-SUIT

8. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 10,237,420; 10,491,748; 7,269,253; 7023979; and 9,456,086 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '420 PATENT

9. The '420 Patent is entitled "Method and system for matching entities in an auction," and issued 2019-03-19. The application leading to the '420 Patent was filed on 2017-12-28. A true and correct copy of the '420 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

## THE '748 PATENT

10. The '748 Patent is entitled "Intelligent communication routing system and method," and issued 2019-11-26. The application leading to the '748 Patent was filed on 2017-10-30. A true and correct copy of the '748 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

### THE '253 PATENT

11.     The '253 Patent is entitled "Telephony control system with intelligent call routing," and issued 2007-09-11. The application leading to the '253 Patent was filed on 2006-03-23. A true and correct copy of the '253 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

### THE '7023979 PATENT

12.     The '7023979 Patent is entitled "Telephony Control System With Intelligent Call Routing," and issued 2006-04-04. The application leading to the '7023979 Patent was filed on 2003-03-07. A true and correct copy of the '7023979 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

### THE '086 PATENT

13.     The '086 Patent is entitled "Method and system for matching entities in an auction," and issued 2016-09-27. The application leading to the '086 Patent was filed on 2010-03-08. A true and correct copy of the '086 Patent is attached hereto as Exhibit 5 and incorporated herein by reference.

### COUNT 1: INFRINGEMENT OF THE '420 PATENT

14.     Plaintiff incorporates the above paragraphs herein by reference.

15.     **Direct Infringement**. Defendant directly infringed one or more claims of the '420 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary method claims of the '420 Patent also identified in the charts incorporated into this Count below (the "Exemplary '420 Patent Claims") literally or by the doctrine of equivalents. On information

and belief, numerous other devices that infringed the claims of the '420 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

16. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '420 Patent Claims, by having its employees internally test and use these Exemplary Products.

17. Exhibit 6 includes charts comparing the Exemplary '420 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '420 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '420 Patent Claims.

18. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

19. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 2: INFRINGEMENT OF THE '748 PATENT

20. Plaintiff incorporates the above paragraphs herein by reference.

21. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '748 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '748 Patent also identified in the charts incorporated into this Count below (the "Exemplary '748 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the

'748 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

22. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '748 Patent Claims, by having its employees internally test and use these Exemplary Products.

23. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

24. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '748 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '748 Patent. See Exhibit 7 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

25. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '748 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '748 Patent.

26. Exhibit 7 includes charts comparing the Exemplary '748 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products

practice the technology claimed by the '748 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '748 Patent Claims.

27. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 7.

28. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 3: INFRINGEMENT OF THE '253 PATENT

29. Plaintiff incorporates the above paragraphs herein by reference.

30. **Direct Infringement**. Defendant directly infringed one or more claims of the '253 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary method claims of the '253 Patent also identified in the charts incorporated into this Count below (the "Exemplary '253 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '253 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

31. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '253 Patent Claims, by having its employees internally test and use these Exemplary Products.

32. Exhibit 8 includes charts comparing the Exemplary '253 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '253 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '253 Patent Claims.

33. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 8.

34. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

**COUNT 4: INFRINGEMENT OF THE '7023979 PATENT**

35. Plaintiff incorporates the above paragraphs herein by reference.

36. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '7023979 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '7023979 Patent also identified in the charts incorporated into this Count below (the "Exemplary '7023979 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '7023979 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

37. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '7023979 Patent Claims, by having its employees internally test and use these Exemplary Products.

38. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

39. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '7023979 Patent.

On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '7023979 Patent. See Exhibit 9 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

40. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '7023979 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '7023979 Patent.

41. Exhibit 9 includes charts comparing the Exemplary '7023979 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '7023979 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '7023979 Patent Claims.

42. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 9.

43. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 5: INFRINGEMENT OF THE '086 PATENT

44. Plaintiff incorporates the above paragraphs herein by reference.

45. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '086 Patent in at least this District by making, using, offering to sell,

selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '086 Patent also identified in the charts incorporated into this Count below (the "Exemplary '086 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '086 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

46. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '086 Patent Claims, by having its employees internally test and use these Exemplary Products.

47. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

48. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '086 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '086 Patent. See Exhibit 10 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

49. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '086 Patent, literally or by the doctrine of equivalents, by selling

Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '086 Patent.

50. Exhibit 10 includes charts comparing the Exemplary '086 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '086 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '086 Patent Claims.

51. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 10.

52. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

53. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '420 Patent is valid and enforceable

B. A judgment that Defendant has infringed directly one or more claims of the '420 Patent;

C. A judgment that the '748 Patent is valid and enforceable

D. A judgment that Defendant has infringed directly and indirectly one or more claims of the '748 Patent;

E. A judgment that the '253 Patent is valid and enforceable

F. A judgment that Defendant has infringed directly one or more claims of the '253 Patent;

G. A judgment that the '7023979 Patent is valid and enforceable

H. A judgment that Defendant has infringed directly and indirectly one or more claims of the '7023979 Patent;

I. A judgment that the '086 Patent is valid and enforceable

J. A judgment that Defendant has infringed directly and indirectly one or more claims of the '086 Patent;

K. An accounting of all damages not presented at trial;

L. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the '748; '7023979; and '086 Patents, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

M. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement at least with respect to the '420; and '253 Patents.

N. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

   i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

      ii.    that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

      iii.    that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: April 17, 2025                Respectfully submitted,

/s/ Antranig Garibian (DE Bar No. 4962)
Antranig Garibian (DE Bar No. 4962)
Garibian Law Offices, P.C.
1523 Concord Pike, Suite 400
Wilmington, DE 19803
(302) 722-6885
ag@garibianlaw.com

Isaac Rabicoff
Rabicoff Law LLC
(*Pro hac vice* application forthcoming)
4311 N Ravenswood Ave Suite 315
Chicago, IL 60613
7736694590
isaac@rabilaw.com

**Counsel for Plaintiff
Patent Armory Inc.**